**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN and THOMAS SIMMONS, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAELS STORES, INC.,<br><br>Defendant. | Case No. 3:25-cv-05839-YGR<br><br>PLAINTIFFS' OBJECTIONS TO DEFENDANT MICHAELS STORES, INC.'S REPLY EVIDENCE PURSUANT TO LOCAL RULE 7-3(d)(1)<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to Local Rule 7-3(d)(1), Plaintiffs Sonni Echeverria-Corzan and Thomas Simmons hereby object to Defendant Michaels Stores, Inc.'s submission of new evidence on reply in support of its motion to compel. ECF Nos. 28-1, 28-2. Despite having the burden to provide evidence of Plaintiff Thomas Simmons' assent to arbitration, Defendant only submitted the declaration of Bridget A. Bach, Michaels' Manager of Security Engineering, in which she stated "Plaintiff Thomas Simmons signed up for a Michaels Rewards account on its Website." ECF No. 21 ¶ 5. Now, Defendant submits two additional declarations by Amy P. Lally, Defendant's counsel, and Hemanshu Mehta, Michaels' Director of Customer & Data Science, in which it discloses an email address purportedly used by Plaintiff Thomas Simmons to create the Michaels reward account. ECF Nos. 28-1, 28-2. Defendant did not provide any details of the purported email used by Plaintiff Thomas Simmons in its motion to compel. *See* ECF Nos. 20–21. Furthermore, neither Ms. Lally or Mr. Mehta submitted a declaration in support of Defendant's motion to compel, which prejudiced Plaintiffs. *See* ECF Nos. 20–21. For example, Ms. Lally's declaration is deficient because it does not provide the full context of the email exchange to which she refers. Had Ms. Lally provided the exchange, Plaintiffs would have provided a response and context of the emails. At the very minimum, the evidence could have been submitted with Defendant's motion, and it does not offer any explanation for its tardy submission. It should not be considered. *See O'Connell v. Celonis, Inc.*, No. 22-cv-02320-WHO, 2022 U.S. Dist. LEXIS 150484, at *32 (N.D. Cal. Aug. 22, 2022) ("[Defendant] does not get multiple bites at the apple to attempt to prove an agreement to arbitrate binds [Plaintiff].").

Additionally, Defendant raises on reply for the first time arguments regarding what a consumer sees and/or agrees to in-store, and submits Hamanshu Mehta's declaration in support of the argument. ECF No. 28-2. Pursuant to Local Rule 7-5(b), a declaration "may contain only facts," and "must avoid conclusions and argument. . . . [A] declaration not in compliance with this rule may be stricken in whole or in part." Mr. Mehta offers that "When customers sign up for Michaels' Rewards program in-store, they consent to Michaels' terms and conditions and see a prompt that is the same or substantially similar to the following: 'By creating an account, you agree to create an account and participate in Rewards and agree to Michaels Rewards Terms and

Conditions, Terms and Conditions and Privacy Policy.'" ECF No. 28-2 ¶ 5. This "evidence" is improper. First, Mr. Mehta does not explain his role or how it establishes that he has knowledge regarding what consumers see in-store when they sign up for the Rewards program, much less what it would have looked like during the class period. Second, the declaration contains improper legal conclusions regarding whether consumers consent to the terms and conditions. It is also deficient in establishing the format of the statement and how or where it is presented in the in-store sign up process. As such, it should be stricken. *See Universal Grading Serv. v. eBay, Inc*., No. 09-cv-2755-RMW, 2011 U.S. Dist. LEXIS 25193, at *34 (N.D. Cal. Mar. 8, 2011) ("Because [Plaintiffs'] Declaration contains numerous legal conclusions and arguments and lacks proper foundation, this court grants [Defendant's] motion to strike."); *see also Lininger v. Pfleger*, No. 17-cv-03385-SVK, 2019 U.S. Dist. LEXIS 227855, at *4 (N.D. Cal. June 28, 2019) (striking entire declaration that violated Local Rule 7-5, concluding "the Court finds it unnecessary to parse the declaration to identify any kernels of admissible evidence").

Plaintiffs accordingly object to the submission of these new declarations and related arguments pursuant to Local Rule 7-3(d)(1), as they were introduced for the first time on reply. *See Int'l Petro. Prods. & Additives Co. v. Gold S.A.R.L.*, No. 19-CV-3004-YGR, 2022 U.S. Dist. LEXIS 163382, at *5 n.1 (N.D. Cal. Aug. 16, 2022) (Gonzalez-Rogers, J.).

Dated: October 23, 2025

**GUTRIDE SAFIER LLP**

*/s/ Hayley Reynolds*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*