**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SONNI ECHEVERRIA-CORZAN and THOMAS SIMMONS, as individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

MICHAELS STORES, INC.,

Defendant.

Case No. 3:25-cv-05839-YGR

PLAINTIFFS' SUR-REPLY TO DEFENDANT MICHAELS STORES, INC.'S MOTION TO COMPEL ARBITRATION

Hon. Yvonne Gonzalez Rogers

## I. INTRODUCTION

Plaintiffs Sonni Echeverria-Corzan and Thomas Simmons respectfully submit this sur-reply in opposition to Defendant Michaels Stores, Inc.'s motion to compel arbitration. Despite submitting new evidence and arguments in its reply, Defendant still fails to carry its burden of showing that Plaintiffs agreed to arbitrate by signing up for the Michaels reward program.

Defendant argues, for the first time on reply, that a Michaels rewards account was created with the email address tomwoon@yahoo.com, but again fails to submit any business records relating to the alleged rewards account showing identifying information for the account creator. Defendant also submits the declaration of Hemanshu Mehta, in which it claims for the first time, that "[w]hen customers sign up for Michaels' Rewards program *in-store*, they consent to Michaels' terms and conditions." ECF 28-2 (emphasis supplied). From this declaration, it now appears that Defendant believes Mr. Simmons signed up in-store for the rewards program, but it again provides no evidence of the in-store sign up process. Nor does it describe how it would be similar to an online sign up process.

Defendant next argues, again for the first time reply, that *ClassPass* mandates arbitration, but it still fails to establish with summary judgment type evidence how Plaintiff Simmons signed up for the rewards account (e.g., computer, mobile, or in-store). Indeed, Defendant does not even attempt to establish what he would have seen and/or agree to. Ultimately, Michael's failure to meet its burden prevents the Court from evaluating whether the relevant sign up process provides reasonably conspicuous notice and seeks unambiguous user consent. In fact, Defendant only submits a computer sign up flow from November 15, 2023, but it consistently alleges Plaintiff Simmons signed up on October 3, 2023. ECF 21 ¶ 5; ECF 21-2. And it offers exactly nothing to bridge the gap.

Based on the foregoing, even with the reply evidence, Defendant has not met its burden to show that Plaintiffs agreed to the Terms and Conditions on the Website or in store.

## II. ARGUMENT

Under California law, the party seeking to compel arbitration "bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Norcia*

*v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Because Defendant's rewards sign up "provides a link to the Terms [and Conditions] but does not require that the user actually read them before moving on to purchase a subscription, the website most closely resembles a 'sign-in wrap agreement.'" *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025). A sign-in wrap agreement may be enforceable "based on inquiry notice if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* at 1154–55. Defendant fails to meet its evidentiary burden.

### A. Defendant's Evidence Does Not Establish that Plaintiff Simmons Created a Rewards Account

Defendant argues that "Michaels' business records confirm that the tomwoon@yahoo.com email address was used to open a Rewards account on October 3, 2023." ECF 28 at 3. But Defendant fails to submit business records showing the account holder's first name, last name, email, or phone number. *See* ECF 21 at 2. Instead, Defendant selectively uses the passive voice and states that "the email address tomwoon@yahoo.com was used to create a Michaels Rewards account on October 3, 2023." ECF 28-2 ¶ 4. Plaintiffs raised a similar argument in its opposition to the motion to compel (ECF 25 at 12–13) and Defendant's repeated omission is glaring.

Instead, Defendant again relies on bare conclusory statements and legal conclusions. For example, the Bach declaration conclusively claims that "Plaintiff Simmons was required to agree to" terms "in order to create his Rewards account." ECF 21 ¶ 6. Now, the Mehta declaration concludes that "[w]hen customers sign up for Michaels' Rewards program in-store, they consent to Michaels' terms and conditions." ECF 28-2 ¶ 5. It remains unclear how Mr. Mehta, who has been employed at Michaels since April 2025, can attest to what the in-store sign up process looked like in October 2023 and/or whether Plaintiff Simmons purportedly signed up in-store or online. Unsupported factual and legal conclusions regarding whether someone agreed to terms are improper. *See Universal Grading Serv. v. eBay, Inc.*, No. 09-cv-2755-RMW, 2011 U.S. Dist.

LEXIS 25193, at *34 (N.D. Cal. Mar. 8, 2011) ("Because [Plaintiffs'] Declaration contains numerous legal conclusions and arguments and lacks proper foundation, this court grants [Defendant's] motion to strike."); *see also Lininger v. Pfleger*, No. 17-cv-03385-SVK, 2019 U.S. Dist. LEXIS 227855, at *4 (N.D. Cal. June 28, 2019) (striking entire declaration that violated Local Rule 7-5, concluding "the Court finds it unnecessary to parse the declaration to identify any kernels of admissible evidence").

Even if the Mehta declaration and in-store sign up argument are considered, Defendant fails to submit any evidence for this Court to determine if the in-store (or online) sign up flow provides reasonably conspicuous notice and seeks users unambiguous assent to the Terms on the Website. Indeed, it is not even clear how an in-store (or online) sign up would allow consumers to review the Terms if they desired to do so. *Tempest v. Safeway, Inc.*, No. 24-cv-06553-JSC, 2025 U.S. Dist. LEXIS 135949, at *19 (N.D. Cal. July 16, 2025) ("it is relevant that most of the plaintiffs signed up to become Safeway Rewards members in person at Safeway stores . . . whereas notice of the arbitration offer was provided via email.").

**B. Defendant's Evidence Does Not Demonstrate the Terms and Conditions Were Reasonably Conspicuous**

Next, Defendant argues *Chabolla v. ClassPass Inc*., 129 F.4th 1147, 1153 (9th Cir. 2025) for the first time in its reply. It specifically argues that *ClassPass* had a "multi-page enrollment process" and was "cluttered with superfluous images of people exercising, and colors that distracted from the terms." ECF 28 at 4. Defendant points to screenshots from November 2023 and legally concludes that "[t]he notice is presented in a contrasting font and is not buried among extraneous content or images." *Id.* at 5. However, this self-serving conclusion is contradicted by Defendant's own evidence. The screenshots depict a sign-up page where users are asked to input several pieces of information (e.g., name, phone number, password, etc.), and after they are asked to click a checkbox that certifies their age, the bright red Sign-Up button appears above the smaller black and blue text with a grey background. On mobile, the Terms statement only appears after a user has entered their name, email, phone number, created a password, and indicated selections regarding their age, email sign up preferences, and sign in preferences. *Compare* ECF

25-4 (showing Michaels rewards sign up process on a mobile device) *with* ECF 21 ¶ 6 (Michaels rewards sign up process on a computer). The terms statement is also in small front size in gray color on a gray background, does not require a checkbox agreement, and is not underlined to indicate a hyperlink, in contrast to the "Detail" blue hyperlink directly above the Terms statement. Just as in *ClassPass*, the Terms statement is "outside of the user's natural flow," and the font is "notably timid in both size and color." 129 F.4th at 1157; *see Gill v. Chipotle Mexican Grill, Inc.*, No. 8:24-cv-01672-FWS-JDE, 2025 U.S. Dist. LEXIS 14284, at *9 (C.D. Cal. Jan. 23, 2025) ("the hyperlinks Chipotle argues gave Plaintiffs notice of the Arbitration Agreement are not in adequately contrasting font color or in all capital letters. [] Instead, the hyperlinks are merely underlined (on the website) or bolded (in the app). [] But '[n]umerous cases have found mere underlining of a hyperlink to be insufficient.'") (collecting cases).

Defendant also claims that "Exhibit B . . . is a full printout of the sign-up page from the Wayback Machine as it appeared at the time of Simmons' enrollment." ECF 28 at 5, n.1. However, Defendant states that Plaintiff Simmons signed up on October 3, 2023. ECF 21 ¶ 5; ECF 28-2 ¶ 4. Defendant's printout of the sign-up page from Wayback Machine shows, in the URL header, that it is from November 11, 2023. ECF 21-2. Thus, Defendant has failed to submit the sign up page from the purported date Plaintiff Simmons signed up for the reward program.

Defendant also confirms that the Sign-Up flows for computer and mobile are distinct. ECF 28 at 4:25–26 (citing screenshots from a desktop and mobile device separately). Defendant acknowledges this but offers a weak explanation that "[a]ny changes in formatting in Exhibit B, such as the wider 'Sign up' button or the movement of the Terms statement below the sign-up button, rather than adjacent to it, occurred in the process of printing the webpage to PDF." ECF 28 at 5 n.1. Of course, where the Terms statement appears is critical for the analysis of whether a user is on notice of the Terms, and such a blasé explanation of the contradiction in its own evidence does not serve to meet its burden to establish notice.

Defendant next argues that "Plaintiffs' Opposition fails to address the context of the transaction—an important factor under the sign-in framework. Where the nature of the agreement involves an ongoing relationship . . . users should reasonably expect to be bound by terms and

conditions, including an arbitration agreement." ECF 28 at 6. However, Plaintiff Simmons has submitted his declaration stating that he does not recall ever signing up for the rewards program and has never used it. ECF 25-7. That remains true. And, sign up for a rewards program is a far cry from purchases where assent is associated with specific, transaction-driven relationship with the ticketing platform—one that necessarily required acceptance of terms governing the sale, delivery, and use of a ticket. *See Oberstein v. Live Nation Entm't, Inc.*, 60 F.4th 505, 513 (9th Cir. 2023). Rewards memberships are optional and promotional, do not require a purchase, and are free, low-commitment enhancements that are less likely to engage a user's attention the way a monetary transaction does. *See Jones v. Penney OpCo, LLC*, No. 2:24-cv-02468-DAD-AC, 2025 U.S. Dist. LEXIS 148484, at *8 (E.D. Cal. Aug. 1, 2025) (distinguishing *Oberstein v. Live Nation Entm't, Inc.*, 60 F.4th 505, 513 (9th Cir. 2023) and rejecting argument that a sign up to a rewards program constituted an ongoing relationship for inquiry notice).

## III. CONCLUSION

The evidence and argument submitted for the first time in Defendant's reply do not show that Plaintiffs entered into an agreement with Defendant. The Court should accordingly deny Defendant's motion to compel arbitration.

Dated: December 12, 2025

**GUTRIDE SAFIER LLP**

*/s/ Hayley Reynolds*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*