Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500

Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Jessica A. Joyce (SBN 353071)
jessie.joyce@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

*Attorneys for Defendant*
*Michaels Stores, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN, and THOMAS SIMMONS, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MICHAELS STORES, INC.,<br><br>Defendant. | Case No. 4:25-cv-05839-YGR<br>Assigned to: Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT'S SUR-REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date Action Filed: July 11, 2025 |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs' Sur-Reply does not undermine Michaels' showing that Plaintiff Thomas Simmons agreed to arbitrate his claims. Notably, Plaintiffs' Sur-Reply does not even address the issues Plaintiffs themselves insisted warranted a sur-reply—namely, the tomwoon@yahoo.com email address used to register Simmons' Rewards account and the purported need for "the full context of the email exchange" between counsel regarding that address. ECF No. 30 ("Pls.' Objs.") 1:15–16. Instead, Plaintiffs attempt to sidestep arbitration by fixating on immaterial distinctions—such as the device Simmons allegedly used to enroll and his claimed lack of recollection—and by reasserting arguments already addressed and refuted in Michaels' Reply.

The relevant facts are straightforward and undisputed in all material respects. Plaintiffs allege that they were Michaels.com customers who visited and interacted with Michaels' website at https://www.michaels.com (the "Website"). In August 2025, Michaels requested identifying information from Plaintiffs' counsel in order to evaluate Plaintiffs' claims. ECF No. 28-1 ("Lally Decl.") ¶ 2. Plaintiffs' counsel responded that Thomas Simmons' email address is tomwoon@yahoo.com. *Id.* Relying on that representation, Michaels confirmed through its business records that Simmons (a.k.a. tomwoon@yahoo.com) created an account on October 3, 2023. ECF No. 21 ("Bach Decl.") ¶ 5; ECF No. 28-2 ("Mehta Decl.") ¶ 4. Because the account-registration process at that time incorporated a sign-in wrap mechanism requiring assent to the Michaels.com Terms and Conditions (the "Terms"), Michaels moved to compel arbitration as to Plaintiff Simmons on that basis. *See* ECF No. 20 ("Mot.").

In opposition— apparently forgetting that Plaintiffs themselves identified Simmons' email address as tomwoon@yahoo.com—Plaintiffs pivoted to a different theory. They argued that Simmons shared a separate email address (tomcarsim@yahoo.com) with a former partner and speculated that the partner, not Simmons, may have created a Michaels account. ECF No. 25 ("Opp.") 6:14; ECF No. 25-7 ("Simmons Decl.") ¶¶ 6–7. Simmons further asserted that he never created an account on the Website and "do[es] not recall signing up for the Michaels rewards program." ECF No. 25-7 ¶¶ 5, 9.

In reply, Michaels explained that tomwoon@yahoo.com—the email address Plaintiffs' counsel provided for Simmons—is the address Simmons used to create his account. *See* ECF No. 28 ("Reply")

2:18–7:1. Michaels further explained that even if Simmons enrolled in the Rewards program in store, the sign-in wrap assent mechanism is materially the same. *Id.* 5:22–6:2.

Plaintiffs objected to Michaels' Reply on the grounds that Michaels did not "provide any details of the purported email used by Plaintiff Thomas Simmons"—notwithstanding that Plaintiffs themselves supplied that email address—and that Plaintiffs were denied an opportunity to "provide[] a response and context of the emails" concerning Plaintiffs' email addresses. Pls.' Objs. 1:10–16. Plaintiffs also objected to the declaration of Hemanshu Mehta, asserting that it lacks foundation and contains improper legal conclusions. *Id.* 2:4–5.

Having now been granted the opportunity to file a sur-reply, Plaintiffs still fail to rebut Michaels' evidence of assent. At most, Plaintiffs' arguments raise a factual dispute that could warrant limited discovery—not denial of Michaels' motion to compel arbitration.

## II. ARGUMENT

### A. Plaintiff Simmons Assented to the Terms Through a Valid Sign-in Wrap Agreement.

#### 1. Plaintiffs Fail to Rebut That Simmons Signed Up for a Michaels Rewards Account with His Personal Email Address.

Plaintiffs' sur-reply conspicuously avoids disputing a dispositive fact: tomwoon@yahoo.com is Simmons' personal email address. Plaintiffs' counsel provided this email address to Michaels, Lally Decl. ¶ 2, and Simmons used that same address to execute his declaration, Simmons Decl. p. 4. Michaels' business records show that this email address was used to enroll in the Michaels Rewards program. Mehta Decl. ¶ 4. Plaintiffs offer no evidence that anyone other than Simmons created the account, nor do they deny that the email address belongs to him. Plaintiffs' failure to contest this fact is fatal to their attempt to manufacture a genuine dispute regarding assent. *See*, *e.g.*, *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 932–33 (N.D. Cal. 2024) (burden satisfied by showing that a copy of Terms was sent to plaintiff's email address; defendant was not required to prove that plaintiff received or read the email).

Simmons' assertion that he does not remember signing up for the Michaels Rewards program fares no better. The assent inquiry turns on objective manifestations of agreement—not a plaintiff's

later recollection. The affirmative act of clicking "Sign Up" with inquiry notice of the Terms constitutes assent as a matter of law, regardless of what Simmons claims to remember. *See*, *e.g.*, *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 518 (9th Cir. 2023) (finding plaintiffs' deposition testimony irrelevant to assent inquiry). Simmons cannot avoid an enforceable agreement merely by claiming he does not recall using his email address to create a Rewards account. Courts routinely reject such arguments without requiring any evidence as to whether someone other than the plaintiff used their email address to assent. *See*, *e.g.*, *Britt v. ContextLogic, Inc.*, No. 3:20-CV-04333-WHA, 2021 WL 1338553, at *4 (N.D. Cal. Apr. 9, 2021) (assent not undermined where "plaintiff states that she has never been 'presented with' the terms of service, nor 'asked to agree or consent to' them, nor has she 'ever agreed to' them"); *Blair v. Superpedestrian HQ*, No. 2:23-cv-02153-MCS-AGR, 2023 WL 12166122, at *3–5 (C.D. Cal. May 8, 2023) (assent not undermined by "Plaintiff's self-serving claims 'that he never clicked anything nor agreed to arbitration'").

**2. The Record Establishes That Plaintiff Simmons Necessarily Assented to the Terms Regardless of How He Enrolled.**

Plaintiffs' Sur-Reply does not meaningfully dispute that Simmons enrolled in a Michaels Rewards account in October 2023 and, in doing so, assented to the Terms, including the arbitration agreement. The record establishes that whether Simmons enrolled through the Website or through an in-store terminal, the enrollment process necessarily required assent via a sign-in wrap mechanism. *See* Bach Decl. ¶ 6; Mehta Decl. ¶ 5.

Critically, Plaintiffs do not dispute that the Rewards sign-up flow expressly advised users like Simmons that by "clicking Sign Up"—or, in store, by "creating an account"—they were agreeing to Michaels' hyperlinked Terms and Conditions. *Id.* Nor do Plaintiffs identify any enrollment pathway, online or in store, that permitted account creation without such an acknowledgment.

Plaintiffs' insistence that Michaels must prove the precise device Simmons used or reconstruct the exact appearance of a particular screen on a particular day misstates Michaels' evidentiary burden. Courts do not require defendants to recreate a sign-up flow pixel by pixel. It is sufficient to show that the enrollment process in effect uniformly required agreement to the terms. *See, e.g.*, *Hong v. StubHub, Inc.*, No. 2:24-cv-03318-SB-JC, 2024 WL 4720924, at *4 (C.D. Cal. Sept. 9, 2024) (defendant's

burden satisfied with unrebutted evidence that the proffered screenshot was "substantially similar to what Plaintiff would have seen" at enrollment); *Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038, 1046 (N.D. Cal. 2025) (same).

Plaintiffs' arguments mirror—and fail for the same reasons as—those rejected in *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 948–49 (N.D. Cal. 2021). There, the court rejected the notion that arbitration could be avoided based on the absence of screenshots from the precise enrollment date or immaterial formatting differences, emphasizing that plaintiffs failed to identify any evidence showing "anything materially different" from the defendant's proffered screenshots. *Id*. at 948. The same is true here.

The relevant inquiry is whether the enrollment process required assent to the Terms—not whether Plaintiffs can hypothesize about marginal differences across devices or over time. As Michaels established in its Motion, the Michaels sign-in wrap flow is enforceable as a matter of law. *See* Mot. 9:1–11:11.[1]

Plaintiffs' objections to the Mehta Declaration are equally unavailing. Pls.' Objs. 1:21–2:13. Mr. Mehta provides factual testimony, grounded in his review of Michaels' business records and his business role overseeing customer and data systems, describing the Rewards enrollment process and the disclosures presented to customers during the relevant time. *See* Mehta Decl. ¶¶ 2–5. Courts routinely credit such testimony from corporate employees with knowledge of enrollment systems, and Plaintiffs cite no authority requiring personal participation in a specific enrollment to establish foundation. *See*, *e.g.*, *Singh*, 797 F. Supp. 3d at 1045 (finding assent based on declaration by defendant's employee who was "familiar with the enrollment and consent flow for Adobe's subscriptions," personally reviewed Adobe's records, and attested to the sign-up process at the time of plaintiffs' enrollments). Quibbling over Mr. Mehta's use of the word "consent" does not convert factual testimony into an improper legal conclusion. Plaintiffs' objections therefore go to weight, not

[1] Plaintiffs' Sur-Reply rehashes arguments concerning reasonably conspicuous notice that Michaels already addressed in its Reply, 3:19–7:1, and which Michaels will not belabor again here. Plaintiffs' complaint that Michaels cited *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025), "for the first time" in reply is puzzling, given Plaintiffs' extensive reliance on *Chabolla* throughout their Opposition. *See* Opp. 6:1, 9:11–23, 13:20–14:2, 15:2–16:4. Michaels cited *Chabolla* in its Reply for the unremarkable purpose of responding to the arguments Plaintiffs themselves elected to advance.

admissibility, and provide no basis to disregard the declaration.

### B. At Minimum, There Is a Genuine Issue of Fact Requiring Discovery—Not Denial—of Arbitration.

Even if the Court were to conclude that Plaintiffs have raised a factual question regarding Simmons' assent, the remedy is not denial of Michaels' motion. Where a defendant presents substantial evidence of assent and a plaintiff raises competing evidence or evidentiary objections, courts permit discovery narrowly tailored to contract formation. *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831–34 (9th Cir. 2022). Plaintiffs cannot simultaneously claim Michaels' evidence is insufficient and demand outright denial of arbitration without further factual development.

## III. CONCLUSION

For these reasons, the Court should overrule Plaintiffs' evidentiary objections and compel arbitration as to Plaintiff Simmons. Alternatively, the Court should permit limited discovery narrowly confined to the issue of assent and defer ruling on arbitration pending that discovery.

Dated: December 19, 2025

**SIDLEY AUSTIN LLP**

By:

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500

Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Jessica A. Joyce (SBN 353071)
jessie.joyce@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

*Attorneys for Defendant*
*Michaels Stores, Inc.*