Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500

Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Jessica A. Joyce (SBN 353071)
jessie.joyce@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

*Attorneys for Defendant*
*Michaels Stores, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN, and THOMAS SIMMONS, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MICHAELS STORES, INC.,<br><br>Defendant. | Case No. 4:25-cv-05839-YGR<br>Assigned to: Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 3, 2026<br>Time: 2:00 p.m.<br>Location: Courtroom 1, 4th Floor<br><br>Date Action Filed: July 11, 2025 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on March 3, 2026, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers, Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Michaels Stores, Inc. ("Defendant" or "Michaels") will bring for hearing this Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration (the "Motion").

Michaels moves the Court for an order staying discovery pending the Court's resolution of Michaels' Motion to Compel Arbitration. The Motion is based on this Notice, the Memorandum of Points and Authorities, the complete files and records of this action, and such other matters and arguments as may come before this Court, including those raised in connection with reply briefing and oral argument.

Dated: January 16, 2026

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: */s/ Amy P. Lally*

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500

Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Jessica A. Joyce (SBN 353071)
jessie.joyce@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

*Attorneys for Defendant*
*Michaels Stores, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Discovery should be stayed. Michaels has a fully briefed Motion to Compel Arbitration pending before the Court, and that motion is potentially dispositive of this entire case. Requiring merits discovery now would undermine the benefits of arbitration, impose unnecessary and irreversible burdens, and waste judicial and party resources. Courts routinely stay discovery under these circumstances, and this case should be no exception.

## II. STATEMENT OF ISSUE PRESENTED

Whether the Court should stay discovery pending the Court's resolution of Michaels' Motion to Compel Arbitration.

## III. STATEMENT OF FACTS

In response to Plaintiffs' Class Action Complaint, ECF No. 1, Michaels filed a Motion to Compel Arbitration on September 12, 2025, ECF Nos. 20–21. Plaintiffs responded on October 3, 2025, ECF No. 25, and Michaels filed its reply on October 17, 2025, ECF No. 28. Plaintiffs filed evidentiary objections on October 23, 2025, ECF No. 30. The Court then ordered additional briefing on December 2, 2025, ECF No. 32, which was complete on December 19, 2025, ECF Nos. 33–34.

Despite Michaels' pending Motion to Compel Arbitration, Plaintiffs have continued to push for Michaels to engage in discovery. Michaels has complied with its procedural obligations, but Michaels has maintained its position that discovery is premature at this stage and should be stayed pending the resolution of its Motion to Compel Arbitration.

On January 16, 2026, the parties met and conferred about this Motion. Michaels explained that it would bring this Motion if Plaintiffs would not agree to stand down on discovery pending resolution of the Motion to Compel Arbitration. Plaintiffs would not agree and confirmed their opposition to the relief requested in this Motion.

## IV. LEGAL STANDARD

Courts have broad discretion to control discovery, and "[c]ourts routinely exercise that discretion to grant stays pending resolution of a motion to compel arbitration, because if that motion is granted, the arbitrator will have the authority to determine the nature and scope of discovery." *Olson*

*v. World Fin. Grp. Ins. Agency, LLC*, No. 5:24-CV-00477-EJD, 2025 WL 2243646, at *1 (N.D. Cal. Aug. 6, 2025) (collecting cases).

In determining whether to stay discovery pending the resolution of a motion to compel arbitration, courts generally apply a two-pronged test: (1) the "motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and (2) the motion must be capable of resolution without additional discovery. *Garcia v. Experian Info. Sols., Inc.*, No. 23-CV-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024) (quoting *Pac. Lumber Co. v. Nat'l Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)). The test requires the Court to "take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted." *Id.* (internal quotation marks omitted); *see King v. Robertson*, No. 3:21-CV-00471-MMD-CLB, 2022 WL 117843, at *1 (D. Nev. Jan. 11, 2022) ("[W]hen the pending motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge will compel arbitration.").

Courts also heavily consider other factors when determining whether a stay is appropriate, including the advantages of arbitration that would be lost without a stay, potential prejudice to plaintiffs, and the interests of the judicial system in the fair and efficient administration of justice. *See, e.g.*, *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *2–3 (N.D. Cal. Feb. 14, 2017) (evaluating these factors to grant in part motion to stay discovery pending resolution of motion to compel arbitration).

## V. ARGUMENT

The Court should stay discovery pending resolution of Michaels' Motion to Compel Arbitration because it is potentially dispositive of the entire case and is capable of resolution without additional discovery. In addition, a stay of discovery would preserve the benefits of arbitration, would not prejudice Plaintiffs, and would further the fair and efficient administration of justice.

### A. Michaels Satisfies the Two-Pronged Test.

#### 1. Michaels' Motion to Compel Arbitration Is Potentially Dispositive.

Michaels' Motion to Compel Arbitration is potentially dispositive of the entire case. Should the Court grant that motion, the parties would litigate their disputes on a confidential, individual

claimant basis, in a different forum, before a different adjudicator, under different rules. *See, e.g.*, *Broadnax v. Lyft, Inc.*, No. 2:25-CV-00190-APG-BNW, 2025 WL 2379619, at *2 (D. Nev. Feb. 10, 2025) ("[G]ranting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution. Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery." (quoting *Arik v. Meyers*, No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020))).

Moreover, taking a "preliminary peek" at the merits of Michaels' Motion to Compel Arbitration "reveals that there is a reasonable possibility or probability" that the Court will grant the motion. *King*, 2022 WL 117843, at *1. For example, in taking a "preliminary peek" at the merits of the underlying motion to compel arbitration, a court in this District reasoned that the defendant had "submitted substantial arguments that [p]laintiff [was] bound by the arbitration agreement," and found that the motion to compel arbitration was "reasonably likely" to be dispositive of the entire case, even though the plaintiff made several evidentiary objections and argued that the enrollment process was not enforceable. *Garcia*, 2024 WL 1117912, at *2.

Here, Michaels has set forth in detail, through the facts and law presented in its Motion to Compel Arbitration and corresponding declarations, exhibits, and briefing, how Plaintiffs are contractually bound to arbitrate their claims. *See* ECF Nos. 20–21, 28, and 34. More specifically, Plaintiff Simmons, through the email address that his counsel provided to Michaels' counsel, signed up for the Michaels' Rewards program and expressly agreed to the Michaels.com Terms and Conditions (the "Terms"), which require him to arbitrate his claims. *See* ECF No. 20 at 2–7, 9–11; ECF No. 28 at 2–7; ECF No. 34 at 2–5. In addition, when both Plaintiffs used the Michaels website, and especially when they set their privacy preferences, they also agreed to the Terms. *See* ECF No. 20 at 2–7, 11–13; ECF No. 28 at 7–9. While Plaintiffs dispute assent and raise evidentiary objections, courts still grant stays even where plaintiffs contest enforceability, so long as the defendant has presented "substantial arguments that [p]laintiff[s] [are] bound by the arbitration agreement," *Garcia*, 2024 WL 1117912, at *2. Michaels has done that here. As a result, the Court should find that "it is reasonably likely that the Motion to Compel will be dispositive of the entire case." *Garcia*, 2024 WL

1117912, at *2 (citing *Pac. Lumber*, 220 F.R.D. at 351). For all of these reasons, this factor weighs in favor of a stay.

**2. The Motion to Compel Arbitration Can Be Decided Without Discovery.**

No further discovery is needed to rule on Michaels' Motion to Compel Arbitration. The Motion to Compel Arbitration is fully briefed, *see* ECF Nos. 20, 21, 25, 28, 30, 31, 33, 34, and can be decided without further discovery.[1] As a result, this factor weighs in favor of a stay.

**B. Other Factors Support a Stay of Discovery.**

Courts routinely grant motions to stay discovery pending resolution of motions to compel arbitration because a stay preserves the benefits of arbitration, does not prejudice plaintiffs, and promotes judicial fairness and efficiency. *See, e.g.*, *Olson*, 2025 WL 2243646, at *1 (granting motion to stay discovery pending resolution of motion to compel arbitration and reasoning that "[a] short stay often will serve the parties' interests in conserving resources and the court's interest in securing just, speedy, and inexpensive resolutions of cases before it"); *Garcia*, 2024 WL 1117912, at *2 (granting motion to stay discovery pending resolution of motion to compel arbitration and explaining that it would be a "pointless and wasteful exercise" to subject defendant to discovery while its motion to compel arbitration was pending); *Mahamedi*, 2017 WL 2727874, at *1–2 (granting in part motion to stay discovery pending resolution of motion to compel arbitration when the defendant would lose the speed and economy advantages of arbitration without a stay, the plaintiff would not suffer prejudice from a temporary stay, and a stay would promote the "just, speedy, and inexpensive" resolution of the case (quoting Fed. R. Civ. P. 1)); *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (granting motion to stay discovery pending resolution of motion to compel arbitration and explaining that a short stay of discovery was "prudent" and would "conserv[e] the resources of the parties"). Each of these factors supports a stay of discovery here.

[1] Even in the unlikely event that the Court finds that Plaintiffs have raised a factual question regarding Plaintiff Simmons' assent, only discovery narrowly tailored to contract formation would be appropriate. *See* ECF No. 34 at 5. That narrow discovery (which Michaels maintains is not needed for the Court to grant its Motion to Compel Arbitration) would not warrant the broad, merits-based discovery in which Plaintiffs have been actively trying to force Michaels to engage.

**1. A Stay Would Preserve the Benefits of Arbitration.**

A stay of discovery would preserve the benefits of arbitration. Michaels would be irreversibly prejudiced by participating in discovery while its Motion to Compel Arbitration is pending. This is because, without a stay, Michaels would "forever lose the advantages of arbitration—speed and efficiency," because "[i]f the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators." *Mahamedi*, 2017 WL 2727874, at *1 (internal quotation marks omitted); *see Stiener*, 2007 WL 4219388, at *1 ("If [defendant's] pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court."); *see also Olson*, 2025 WL 2243646, at *1 ("Engaging in fulsome discovery while [defendant's] motion to compel arbitration is pending could undermine the potential efficiencies of arbitration and lead to inconsistent results."). As a result, this factor weighs in favor of a stay.

**2. A Stay Would Not Prejudice Plaintiffs.**

While Michaels would be prejudiced absent a stay, the converse is not true for Plaintiffs. Courts routinely find that plaintiffs "w[ould] suffer no prejudice from a temporary stay" of discovery pending resolution of a motion to compel arbitration. *Mahamedi*, 2017 WL 2727874, at *1; *see Garcia*, 2024 WL 1117912, at *2 (finding plaintiff's claim that a stay is prejudicial to be "meritless"). If the Court agrees with Michaels that Plaintiffs' claims are subject to arbitration, then Plaintiffs are not entitled to take discovery before this Court anyway. And even if Plaintiffs' claims were properly before this Court, Plaintiffs cannot show any legitimate harm that they would face by temporarily standing down on discovery pending the Court's resolution of the Motion to Compel Arbitration. There is no risk of evidence loss, there are no impending deadlines, and Plaintiffs could seek discovery in the proper forum of arbitration. This factor likewise weighs in favor of a stay.

**3. A Stay Would Promote Judicial Fairness and Efficiency.**

Lastly, a temporary stay of discovery would promote the Court's interests in fairness and efficiency. *See, e.g.*, *Stiener*, 2007 WL 4219388, at *1 ("In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent." (citing *Mundi v. Union Sec, Life Ins. Co.*, No. CV-F-06-1493 OWW/TAG, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007))); *Mahamedi*,

2017 WL 2727874, at *2 ("The Court finds that a stay of discovery promotes the 'just, speedy, and inexpensive' resolution of this case." (quoting Fed. R. Civ. P. 1)).

Because all of the factors support a stay, the Court should follow the routine practice of courts in this Circuit and across the country and stay discovery until Michaels' Motion to Compel Arbitration is resolved. *See Olson*, 2025 WL 2243646, at *1 ("Courts routinely exercise [their] discretion to grant stays pending resolution of a motion to compel arbitration[.]" (collecting cases)); *Mahamedi*, 2017 WL 2727874, at *1 ("Courts routinely grant stays under similar circumstances." (collecting cases)); *Stiener*, 2007 WL 4219388, at *1 ("[Staying discovery] is a common practice while motions to compel are pending." (collecting cases)).

## VI. CONCLUSION

For these reasons, Michaels respectfully requests that the Court grant this Motion and stay discovery pending the resolution of Michaels' Motion to Compel Arbitration. In the alternative, should the Court determine that limited discovery about assent is warranted solely to resolve the Motion to Compel Arbitration, any discovery should be narrowly tailored to contract formation, and merits discovery should be stayed.

[signature to follow]

Dated: January 16, 2026

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: */s/ Amy P. Lally*

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500

Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Jessica A. Joyce (SBN 353071)
jessie.joyce@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000

*Attorneys for Defendant*
*Michaels Stores, Inc.*