**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN and THOMAS SIMMONS, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAELS STORES, INC.,<br><br>Defendant. | Case No. 3:25-cv-05839-YGR<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT MICHAELS STORES, INC.'S MOTION TO STAY<br><br>Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

Defendant Michaels Stores, Inc. ("Defendant" or "Michaels") moves to stay discovery based on a motion to compel which has no support in law or fact. Contrary to Defendant's assertions, its motion to stay should be denied because a "preliminary peek" reveals the motion to compel is highly unlikely to succeed. The at issue arbitration agreement found in the Terms & Conditions of Defendant's website www.michaels.com (the "Website") is an unenforceable browsewrap agreement under California law. *See* ECF 25, 33; *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014); *Chabolla v. Classpass Inc.*, 129 F.4th 1147 (9th Cir. 2025). Indeed, Judge Corly recently rejected a nearly identical motion to compel. *See Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-cv-03647-JSC, 2025 U.S. Dist. LEXIS 173985, at *9 (N.D. Cal. Sep. 5, 2025) (holding there was no arbitration agreement when plaintiff visited defendant's website and rejected tracking cookies because it presented an unenforceable browsewrap agreement).

At best, Defendant provides conflicting evidence as to only one plaintiff—Plaintiff Simmons—who purportedly signed up to a rewards program. But this argument does not apply to Plaintiff Echeverria-Corzan. As to Plaintiff Echeverria-Corzan, the motion to compel represents a straight forward express rejection of tracking cookies where Defendant designed its Website to only provide unenforceable browsewrap notice.

Accordingly, this case will go forward even if this Court compels Plaintiff Simmons to arbitrate his claims. Moreover, there are material disputes of fact as to the sign up process Plaintiff Simmons used and whether it provided reasonably conspicuous notice. Thus, the motion to compel will not even be dispositive as to Plaintiff Simmons, because Defendant has not carried its burden of proving he agreed to arbitrate his claims.

Defendant also fails to show good cause to stay or limit discovery other than generalized allegations of harm. It does not raise any specific harm it will suffer other than generalized allegations of expense which do not support a complete stay of discovery. On the other hand, Plaintiffs, the putative class, and countless Californians will suffer prejudice from Defendant's ongoing violations of California law. This is also true because the data at issue is crucial and

likely to be lost, particularly the data held by third parties. Finally, the stay would not promote judicial fairness or efficiency.

The Court should deny the motion.

## II. BACKGROUND

Defendant filed a motion to compel arbitration on September 12, 2025. ECF 20. Michaels argues that Plaintiffs agreed to the Terms & Conditions on the Website by virtue of "using" the Website. It separately argues that Plaintiff Simmons also agreed to the Terms & Conditions by signing up for a rewards account. ECF 20, 28, 34. Plaintiffs dispute that they assented to the Terms & Conditions on the Website because it is an unenforceable browsewrap agreement under California law. ECF 25. Plaintiff Simmons also disputes his purported rewards account sign up. ECF 25, 33. The motion is fully briefed and set to be decided on the papers. ECF 29.

The Parties held a Rule 26(f) conference on September 29, 2025. *See* ECF 5. On October 13, 2025, the Parties filed an initial joint case management statement. ECF 26. The Court vacated the initial case management on October 14, 2025. ECF 27.

On October 15, 2025, Plaintiffs served their First Set of Requests for Production of Documents and First Set of Interrogatories on Defendant. On November 14, Defendant served its responses to Plaintiffs' discovery requests asserting a litany of boilerplate objections and claiming "discovery is premature and improper while Michaels' Motion to Compel Arbitration remains pending before the Court." On November 24, Plaintiffs sent Defendant a discovery deficiency letter and requested a meet and confer regarding its deficient discovery responses. Despite over a dozen emails, Defendant did not agree to meet and confer until January 16, 2026, nearly two months after Plaintiffs' initial request. At the meet and confer, Defendant restated its position that discovery should not proceed pending resolution of its motion to compel and stated it would be filing the underlying motion to stay. It did so later that day. ECF 35.

## III. STANDARD OF LAW

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending, and the notion that all discovery should be stayed because a potentially dispositive motion is pending 'is directly at odds with the

need for expeditious resolution of litigation.'" *Scott v. Dominquez*, No. 24-cv-01335-HSG, 2025 U.S. Dist. LEXIS 136911, at *4 (N.D. Cal. July 17, 2025) (quoting *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995)). "Fed. R. Civ. P. 26(c)(1) provides that where a party demonstrates 'good cause,' the Court may issue an order limiting discovery in order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 4 (quoting Fed. R. Civ. P. 26(c)). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Courts "in this district have adopted a two-part test to determine whether to stay discovery pending resolution of a dispositive motion." *Digiacinto v. RB Health United States LLC*, No. 22-cv-04690-DMR, 2022 U.S. Dist. LEXIS 218866, at *3 (N.D. Cal. Dec. 5, 2022) (collecting cases). If "either prong of this test is not established, discovery proceeds." *Id.* "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* at 3–4 (citing *Pac. Lumber Co. v. Nat'l Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)). "Second, the court must determine whether the pending dispositive motion can be decided absent discovery." *Id.* at 4.

In applying the two-factor test, "the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted.'" *Id.* Courts in this circuit use varying standards when taking a "preliminary peek." Some courts consider whether the motion has "sufficient merit to be potentially dispositive," *Ferrell v. Appfolio, Inc.*, No. SA CV 23-01353-JWH (DFMx), 2024 U.S. Dist. LEXIS 4049, at *3 (C.D. Cal. Jan. 8, 2024), while other courts consider if "there appears to be an immediate and clear possibility that it will be granted." *Openiano v. Hartford Life & Annuity Ins. Co.*, No. 18-cv-0943-AJB-AGS, 2018 U.S. Dist. LEXIS 229401, at *2 (S.D. Cal. Oct. 15, 2018). While other courts consider if there is a "reasonable possibility or probability" that the motion will be granted. *King v. Robertson*, No. 3:21-CV-00471-MMD-CLB, 2022 U.S. Dist. LEXIS 5900, at *5 (D.

Nev. Jan. 11, 2022). Ultimately, Defendant must show that it is likely to succeed in the motion to compel to warrant a stay of discovery.

The "'two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation.' [] Rather, '[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.'" *Barrett v. Apple Inc.*, No. 5:20-cv-04812-EJD, 2020 U.S. Dist. LEXIS 196729, at *3 (N.D. Cal. Oct. 22, 2020) (quoting *Skellerup*, 163 F.R.D. at 600).

## IV. ARGUMENT

### A. Michaels' Motion to Compel is Not Dispositive of the Entire Case

Defendant first argues that its "Motion to Compel Arbitration is potentially dispositive of the entire case." ECF 35 at 3. But such a conclusory statement cannot support a motion to stay. A "preliminary peek" shows that Defendant's motion is unlikely to succeed because there is no basis to compel Plaintiffs' claims to arbitration. As set forth more fully in Plaintiffs' opposition and sur-reply, Plaintiffs never formed an agreement to arbitrate because the arbitration agreement found in the Terms & Conditions of the Website is an unenforceable browsewrap agreement and Plaintiffs did not have actual or inquiry notice of the Terms. ECF 25, 33. As such, the motion to compel is unlikely to succeed and cannot be the basis for a stay of discovery. *Cain v. Jpay, Inc.*, No. 2:21-cv-07401-FLA (AGRx), 2022 U.S. Dist. LEXIS 109041, at *5–6 (C.D. Cal. Apr. 4, 2022) (denying motion to stay when a motion to compel arbitration was pending because "Defendants do not present any evidence Plaintiff was specifically informed of the existence of the arbitration agreement.").

At best, Defendant provides conflicting evidence of Plaintiff Simmons' purported sign up to a rewards program, but it fails to show how he signed up and whether the relevant sign up process provided reasonably conspicuous notice of the Terms. ECF 25, 33. In any event, Defendant concedes that this argument *does not apply* to Plaintiff Echeverria-Corzan. ECF 35 at 4. As such, it is highly unlikely that the motion, even if granted as to Plaintiff Simmons, will be dispositive of the entire case. *See, e.g., SVB Fin. Grp. v. FDIC*, No. 23-cv-06543-BLF, 2024

U.S. Dist. LEXIS 77939, at *7–8 (N.D. Cal. Apr. 29, 2024) (holding the FDIC "failed to meet its heavy burden" to show its motion to dismiss was dispositive because certain claims were likely to proceed); *Joshco Tech v. Eagle Rising Veteran Consulting*, No. 2:20-cv-00451-RFB-DJA, 2020 U.S. Dist. LEXIS 259063, at *3–4 (D. Nev. Sep. 7, 2020) ("Having taken a preliminary peek at the Motion to Dismiss [], the Court is not convinced that Defendants will succeed in obtaining the relief requested. . . . the Court does not agree with Defendants that the pending Motion warrants a stay of discovery as it is not dispositive of the entire case and would unnecessarily delay discovery."); *Hillebrand v. UPS Inc.*, No. CV-25-02220-PHX-DJH, 2025 U.S. Dist. LEXIS 175356, at *2–3 (D. Ariz. Sep. 9, 2025) ("discovery in this case must proceed. Importantly, the Motion to Dismiss filed by UPS is not 'dispositive of the entire case . . .'").

Defendant nevertheless argues that "taking a 'preliminary peek' at the merits of Michaels' Motion to Compel Arbitration 'reveals that there is a reasonable possibility or probability' that the Court will grant the motion." ECF 35 at 4. But it provides no California authority on why its motion to compel is likely to be granted as to both Plaintiffs. Instead, it cites to the "declarations, exhibits, and briefing" and concludes it has "presented 'substantial arguments that [p]laintiff[s] [are] bound by the arbitration agreement." ECF 35 at 4. But Defendant's self-serving conclusions do not support that it is likely to or has a "reasonable possibility or probability" to succeed on the motion to compel. Even Defendant's own citation shows how the motion misses the mark. *Garcia v. Experian Info. Sols., Inc.*, No. 23-cv-04672-BLF, 2024 U.S. Dist. LEXIS 44638 (N.D. Cal. Mar. 13, 2024). In *Garcia*, the court granted the motion to stay when it found the motion to compel was dispositive because several courts had granted similar motions to compel by defendant under *the same agreement* and the "Ninth Circuit held recently held that clickwrap agreements in this context are enforceable." *Id.* at *3–4 (emphasis added). But here, Defendant does not point to any cases in which a court has enforced the same browsewrap agreement and does not cite to any cases which support that its browsewrap is enforceable under Ninth Circuit

law. Defendant therefore fails to establish that its motion to compel is potentially dispositive. The Court should reject the motion to stay discovery.[1]

**B. The Motion to Compel Requires Discovery**

If the Court considers the motion to compel as dispositive, it must "determine whether the pending dispositive motion can be decided absent discovery." *Digiacinto*, 2022 U.S. Dist. LEXIS 218866, at *4; *Cf. Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, No. 5:25-cv-05725-BLF, 2026 U.S. Dist. LEXIS 7682, at *4 (N.D. Cal. Jan. 14, 2026) ("Having concluded that Caltrain's motion to dismiss is not likely to be dispositive, the Court need not consider whether it could be decided absent discovery.").

As detailed in Plaintiffs' opposition and sur-reply, Defendant has failed to meet its evidentiary burden with respect to Plaintiff Simmons' agreement to the Terms by virtue of the rewards program. ECF 25, 33. Plaintiffs have shown that, at a minimum, further discovery would be required for this Court's determination because there are issues of material fact as to which sign up flow Plaintiff Simmons used—to the extent he signed up at all—and whether that method provides conspicuous notice. *See Hansen v. LMB Mortg. Servs.*, 1 F.4th 667, 670 (9th Cir. 2021) (explaining that under § 4 of the FAA, "If the court is 'satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.' [] But '[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.' [] In applying this language, district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure.").

---

[1] Well aware that there is no merit to its motion to compel, at least as to Plaintiff Echeverria-Corzan, Defendant's true strategy is clear. It intends to appeal any adverse ruling by this Court and seek a stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023). This motion is but an effort to run out the clock on discovery and document preservation (mainly as to important third parties) before that occurs. Should Defendant proceed with such an appeal, Plaintiffs will request that the Court certify that the interlocutory appeal is frivolous. *Berland v. X Corp.*, No. 24-cv-07589-JSC, 2025 U.S. Dist. LEXIS 221787, at *3–7 (N.D. Cal. Nov. 10, 2025) (considering whether appealing an order denying a motion to compel arbitration was frivolous).

Defendant concedes this point but claims "only discovery narrowly tailored to contract formation would be appropriate [and] . . . [and such] narrow discovery . . . would not warrant the broad, merits-based discovery in which Plaintiffs have been actively trying to force Michaels to engage." ECF 35, n.1. To be clear, Plaintiffs have only sought discovery to the extent allowed by the Federal Rules of Civil Procedure. Plaintiffs have sought to minimize any associated burden but Defendant has simply refused to participate in *any* discovery. In any event, Defendant concedes discovery is likely still needed and thus the stay should be rejected. *Digiacinto*, 2022 U.S. Dist. LEXIS 218866, at *4.

### C. Michaels Otherwise Fails to Show Good Cause to Stay or Limit Discovery

Defendant otherwise fails to show "good cause" to stay or limit discovery because it has not shown "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Defendant asserts that "Courts routinely grant motions to stay discovery pending resolution of motions to compel arbitration because a stay preserves the benefits of arbitration, does not prejudice plaintiffs, and promotes judicial fairness and efficiency." ECF 35 at 5. Defendant claims that "[e]ach of these factors supports a stay of discovery here." *Id.* It is unclear what authority Defendant relies on for these "factors" or the need to weigh them, but Plaintiffs interpret such an argument as an attempt to show "good cause." Defendant falls short.

#### i. Michaels will not Suffer Prejudice

Defendant argues that a "stay of discovery would preserve the benefits of arbitration . . . [and it] would be irreversibly prejudiced by participating in discovery while its Motion to Compel Arbitration is pending." ECF 35 at 6. But this is necessarily true for any motion to

compel arbitration. Under Defendant's interpretation of the law, a defendant could file a frivolous motion to compel and automatically be entitled to a stay of discovery, no matter how baseless the motion to compel is. But as described above, the Court must take a "preliminary peek" at the motion to compel and determine whether it is likely to succeed. It is clear that Defendant will not suffer prejudice because it is not entitled to arbitrate Plaintiffs' claims. Even so, expense alone does not justify granting a motion to stay. *Dominquez*, 2025 U.S. Dist. LEXIS 136911, at *4–5 (denying motion to stay discovery pending motion for summary judgment because "needless expenditure of resources" does not "justify a complete stay of discovery."); *see Barrett*, 2020 U.S. Dist. LEXIS 196729, at *3 (the "two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation."); *Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2011 U.S. Dist. LEXIS 161425, at *8 (N.D. Cal. Feb. 11, 2011) ("[t]he expense of discovery alone does not amount to good cause to stay discovery based on [a party's] argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses.").

**ii. Plaintiffs, the Putative Class, and Californians will Suffer Prejudice**

Defendant next claims that "plaintiffs 'w[ould] suffer no prejudice from a temporary stay.'" ECF 35 at 6. This is flat wrong and takes a narrow view of Plaintiffs' allegations. Plaintiffs allege that the Website, which attracts nearly 30 million website visits per month in the United States, fraudulently represents to users that they can reject all non-required cookies but it nonetheless uses such cookies to collect and share user data with third party advertisers such as Meta, Google, TikTok, and many more. ECF 1 ¶ 1. Each month of delay causes millions more Californians to unknowingly be affected by Defendant's fraudulent conduct. Plaintiffs seek an injunction to prohibit such conduct. ECF 1 ¶¶ 119, 129, 134, 178, Prayer for Relief. It is clear that Plaintiffs, the putative class, and Californians will suffer prejudice. *See Elec. Solidus, Inc. v. Proton Mgmt. Ltd.*, No. 2:24-cv-08280 MWC-Ex, 2025 U.S. Dist. LEXIS 68183, at *57 (C.D. Cal. Apr. 9, 2025) ("the Court finds Swan may suffer damage from a stay. Swan will be

prejudiced if they cannot expeditiously pursue their case" and there "is an allegation of ongoing violations and Swan is seeking injunctive relief.").

Moreover, a stay increases the risk that evidence will dissipate, which is particularly true in a case like this which involves substantial ESI, discovery as to the operation and technical specifications of the Website during the relevant period (including changes over time), discovery as to the relevant employees for installing, operating, and maintaining the Website (and relevant technologies and user data), and the need for third party discovery. *See Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490, at *12–13 (N.D. Cal. Jan. 8, 2016) (denying motion to stay because "Plaintiffs argue persuasively that they would suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate."); *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at *4 (N.D. Cal. Aug. 2, 2007) (noting that multiple courts have held that "delaying a plaintiff's day in court constituted substantial injury to the plaintiff."); *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.").

**iii. A Stay Would Not Promote Judicial Fairness and Efficiency**

In a single sentence, Defendant summarily concludes that "a temporary stay of discovery would promote the Court's interests in fairness and efficiency." ECF 35 at 6. But Defendant's participation in discovery as required by the Federal Rules would promote judicial efficiency, not the filing of a motion to stay discovery.[2] In filing the motion, Defendant has essentially doubled this Court's workload on the same exact issues of arbitration in order to avoid its own discovery obligations. Defendant's attempt to offload its burden onto the Court should be rejected.

[2] Ironically, Defendant's citations relate to the burden on the parties, not the judiciary. *See* ECF 35 at 6–7.

## V. CONCLUSION

Based on the foregoing, the Court should deny Defendant's motion to stay, order that it serve amended discovery responses within fourteen days, and order that it begin its rolling production of documents within thirty days, to be substantially complete ninety days thereafter.

Dated: January 29, 2026

**GUTRIDE SAFIER LLP**

*/s/ Hayley Reynolds*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*